UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-16-TAV-DCP |
| MICHAEL C. HOFFPOWIER, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Motion to Continue Trial [Doc. 26], filed on April 5, 2024.

Defendant asks the Court to continue the trial date and all relevant deadlines. In support of his motion, Defendant states that he was arraigned on February 23, 2024, and defense counsel entered as the attorney of record. Defendant asserts that the discovery and investigation have produced legal issues that require pretrial motions and that while the Government and Defendant have engaged in discussions regarding a possible resolution of the case, those discussions have paused while the Government searches Defendant's phone for evidence, which Defendant believes will be exculpatory. Defendant's motion reflects that he understands his right to a speedy trial and waives that time as it is needed to produce this much desired evidence and states that counsel for the Government does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review discovery, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the April 30, 2024 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial [**Doc. 26**]. The trial of this case is reset to **September 17, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on April 5, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 26**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 17, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **April 5, 2024**, and the new trial date of **September 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **May 3, 2024**, and responses to motions are due on or before **May 17, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 16, 2024**;

(6) the deadline for filing motions *in limine* is **August 30, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 3, 2024, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge