UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-16-TAV-DCP |
| MICHAEL C. HOFFPOWIER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael Hoffpowier's Motion to Continue Trial [Doc. 39], filed on August 29, 2024.

In support of his motion, Defendant notes he filed a Motion to Suppress [Doc. 30] which he believes could be determinative [Doc. 39 ¶ 2]. He argues that it would be a waste of judicial economy to proceed with the current trial date [*Id.*]. Defendant asserts he understands his right to a speedy trial and that counsel for the Government does not oppose a continuance [*Id.* ¶¶ 3–4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs time to prepare for trial, awaiting the outcome of the pending motion. The Court finds this cannot occur before the September 17, 2024 trial date.

The Court therefore **GRANTS** Defendant Michael Hoffpowier's Motion to Continue Trial [**Doc. 39**]. The trial of this case is reset to **December 3, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on August 29, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Michael Hoffpowier's Motion to Continue Trial [**Doc. 39**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 3, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 29, 2024**, and the new trial date of **December 3, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 4, 2024**;

(5) the deadline for filing motions *in limine* is **November 18, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 19, 2024, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 22, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge