UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:24-CR-16-TAV-DCP |
| MICHAEL C. HOFFPOWIER, | ) |  |
| Defendant. | ) |  |

**REPORT AND RECOMMENDATION**

Before the Court are Attorney Joseph A. Fanduzz's Motion to Withdraw as Counsel of Record [Doc. 80] and Defendant Michael Hoffpowier's Motion to Proceed In Forma Pauperis [Doc. 81], which were referred to the undersigned for recommendation or disposition [Doc. 82]. *See* 28 U.S.C. § 636(b). Defendant Hoffpowier pleaded guilty to possession of an unregistered silencer and was sentenced to eighteen months imprisonment, a three-year term of supervised release, and a $100 special assessment [Doc. 74 pp. 1–3, 6]. In his plea agreement, Defendant retained the right to bring a direct appeal on the denial of his suppression motion [Doc. 52 ¶ 2]. On April 10, 2025, the clerk entered a pro se Notice of Appeal for Defendant, indicating on the docket that Defendant appealed his Judgment and the Order denying his suppression motion [Doc. 76]. The following day, the Court of Appeals for the Sixth Circuit submitted a letter to the prosecutor and Defendant's retained attorney providing instructions for the appeal, including that Mr. Fanduzz continued to represent Defendant on appeal and that Defendant could file a motion to proceed in forma pauperis in this Court by April 25, 2025 [Doc. 79 pp. 1–2]. Defense counsel now seeks to withdraw from representing Defendant on appeal [Doc. 80], and Defendant seeks to proceed in forma pauperis on appeal [Doc. 81].

For the reasons discussed below, the undersigned recommends that counsel's request to withdraw be denied but that Defendant be permitted to proceed on appeal without payment of fees or costs.

## I. WITHDRAWAL OF COUNSEL ON APPEAL

Defendant Hoffpowier retained Attorney Joseph Fanduzz to represent him in this case [*See* Doc. 11].[1] Mr. Fanduzz represented Defendant following his initial appearance on a Criminal Complaint, in the litigation of a Motion to Suppress [Docs. 30, 32, 41 & 49], at his change of plea hearing [Doc. 55], and at sentencing [Docs.73–74]. Mr. Fanduzz now seeks to withdraw from his representation of Defendant, stating his "contract for legal services . . . state[s] that the representation d[oes] not include any appeal" [Doc. 80 p. 1]. Counsel states that pursuant to the contract for legal services, his representation of Defendant concluded with the entry of the Judgment of conviction and that Defendant thereafter filed a pro se Notice of Appeal [*Id*. at 1–2]. Mr. Fanduzz asks the Court "to relieve him of further representation in this matter" [*Id*. at 2].

"'Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals.'" *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Manrique v. United States*, 581 U.S. 116, 120 (2017)). Thus, a notice of appeal divests the district court of jurisdiction to appoint counsel for the appeal. *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 WL 8617551, at *2 (E.D. Mich. Sept. 23, 2020) (holding that "[b]ecause jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel would be more

---

[1] The Court provisionally appointed Assistant Federal Defender Sarah H. Olesiuk and the Federal Defender Services of Eastern Tennessee to represent Defendant but directed counsel to update the Court on Defendant's financial status [Docs. 5, 7]. Mr. Fanduzz entered a notice of appearance five days later [Doc. 11].

2

appropriately addressed to the Sixth Circuit"); *see also United States v. ex rel. Guest v. Page*, No. 95C5034, 2004 WL 2260620, at *1 (N.D. Ill. Oct. 4, 2004) (denying petitioner's motion for appointment of appellate counsel "for lack of jurisdiction"). Here, Defendant filed a Notice of Appeal on April 10, 2025 [Doc. 76]. The filing of the Notice of Appeal divested this Court of jurisdiction to permit counsel to withdraw from representing Defendant on appeal.

A district court retains "'limited jurisdiction'" to act on matters that aid the appeal. *Carman*, 933 F.3d at 617 (quoting *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013)). The matters which fall within this limited jurisdiction, however, are "'narrowly defined'" and restricted to matters that do not "'alter the case on appeal.'" *Id*. (quoting *Sims*, 708 F.3d at 834, and *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)) (emphasis omitted). The Court finds that the appointment of appellate counsel does not fall within its limited, retained jurisdiction, because the appellate court has already recognized trial counsel's representation [*see* Doc. 79]. The Sixth Circuit has informed trial counsel that he is required to continued representing Defendant on appeal "until specifically relieved" by the appellate court, even if Defendant filed the notice of appeal [*Id*. at 1].

Pursuant to the Sixth Circuit's Rules, "[t]rial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court." 6th Cir. R. 12(c)(1). "If the district court appointed trial counsel, this court will appoint trial counsel as appellate counsel when the notice of appeal is filed . . . [without] further proof of indigence." *Id*. at 12(c)(2). Rule 12(c)(4) provides the procedures for withdrawal of appellate counsel. The Court finds that substitution of new appellate counsel for trial counsel would alter the appellate court's recognition of trial counsel as Defendant's counsel on appeal and would contravene the appellate court's rule that trial counsel represents Defendant on appeal until relieved by the appellate court.

3

## II. IN FORMA PAUPERIS STATUS

Defendant asks the Court that he be allowed to proceed with his appeal in forma pauperis and attaches an affidavit stating that he has no income [Doc. 81 p. 1; Doc. 81-1 p. 1 (short form Application to Proceed in District Court without Prepaying Fees or Costs)]. Although the record reflects that Defendant is incarcerated, Defendant does not state the amount of funds in his inmate account, nor attach a statement of his account balance over the last six months as required by the application form [*Id.*].[2] Defendant relates that he has "close to nothing" in a checking or savings account and that his sole asset[3] is a house, which is mortgaged [*Id.* at 2]. Defendant does not state the value of the house, the equity therein, nor the amount of the mortgage [*Id.*]. Defendant says he has the following expenses: a mortgage payment in an unnamed amount, utility payment ($250 monthly), a storage unit fee in an unnamed amount, and around $5,000[4] in credit card debt. Defendant lists his girlfriend as a dependent for whom he pays all monthly bills and states that he pays his mother's telephone bill, but he does not list the amounts of these obligations [*Id.*]. Defendant signs the application under penalty of perjury [*Id.*].

"The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004); *see also Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug.

---

[2] Defense counsel twice presents this Application to Proceed in District Court Without Prepaying Fees or Costs to the Court without assuring its compliance with the instructions in the application to attach the statement from Defendant's inmate account or provide the amounts of monthly expenses [*See* Docs. 80-1 & 81-1].

[3] Defendant's Presentence Report, prepared on March 4, 2025, reflects that he owns a 2020 GMC truck but does not mention a house [Doc. 64, SEALED, ¶ 69]. Defendant's sentencing memorandum reflects that he previously jointly owned this truck with his ex-wife [Doc. 68, SEALED, p. 1].

[4] The Presentence Report states that Defendant owes $1,883 in credit card debt [Doc. 64 ¶ 69].

5, 2010). Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit demonstrating "the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). The Court must then evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To demonstrate the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell*, 2010 WL 3087387, at *2.

As to Defendant's ability to pay, Defendant, who is incarcerated, states that he has no income but retains responsibility for the support of his girlfriend and paying his mother's telephone bill and owes on an unspecified mortgage and some credit card debt. Defendant's attached application is incomplete, failing to report the status of his inmate account, not providing a valuation for his home, and neglecting to mention a truck that he told the probation office he owned approximately two months ago. The undersigned finds, however, that consideration of the entire record, including Defendant's Motion to Amend Order of Detention [Doc. 54],[5] the Presentence Report [Doc. 64], and Defendant's Sentencing Memorandum [Doc. 68], show that Defendant

---

[5] Defendant's December 9, 2024 Motion to Amend Order of Detention states that Defendant "lost" his Pennsylvania residence while detained pretrial and has purchased a residence in Arkansas with his girlfriend [Doc. 54 p. 3]. Defendant does not mention the disposition of a home he owned in Cleveland, Texas [*See* Doc. 62, Report & Recommendation, p. 9 (observing the Amended Pretrial Services Report states that Defendant owns a residence in Cleveland, Texas)]. Following the filing of Defendant's motion, however, his divorce was finalized. The Presentence Report does not mention that Defendant owns a residence in Texas.

cannot afford to pay the costs and fees of his appeal, nor can he afford to retain counsel to represent him on appeal.

The Court must also determine whether Defendant has claimed he is entitled to redress and stated the issues he intends to appeal. Fed. R. App. P. 24(a)(1)(B)-(C). Defendant's Notice of Appeal avers an entitlement to redress, *i.e.*, that he is appealing his judgment of conviction [Doc. 76]. Although the Notice of Appeals does not state the issues he intends to raise on appeal, in his Plea Agreement, Defendant "retain[ed] the right to appeal the denial of his suppression motion raised in Doc. 30 and adjudicated in the District Court's Memorandum Opinion and Order, Doc. 49, which adopts the Magistrate Judge's Report and Recommendation, Doc. 41" [Doc. 52 ¶ 2]. *C.f.*, *Powell*, 2010 WL 3087387, at *2 (observing that plaintiff failed to identify "any law, fact, or specific finding by the Court which might provide a basis for an appeal" but, instead, "only made general assertions of error"). The undersigned finds that the reserved issues for appeal are specifically identified and not frivolous. Accordingly, Defendant satisfies the requirements of Rule 24(a)(1).

## III. CONCLUSION

In summary, the undersigned finds that this Court no longer retains jurisdiction to permit counsel to withdraw but that Defendant should be permitted to proceed on appeal without payment of fees and costs and lacks the funds to retain counsel on appeal. Accordingly, the Court **RECOMMENDS** that the Motion to Withdraw as Counsel of Record [**Doc. 80**] be **denied** and that the Motion to Proceed In Forma Pauperis [**Doc. 81**] be **granted**.[6] Mr. Fanduzz is **ORDERED**

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure

to provide a copy of this Report and Recommendation to Defendant and to file a timely objection or make other appropriate filing regarding this Report and Recommendation if Defendant requests that he do so. Both parties are **DIRECTED** to file a notice of no objection as expeditiously as possible and no later than the time for filing objections, if no objection will be made.

    Respectfully submitted,

    Debra C. Poplin
    United States Magistrate Judge

---

to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).